UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER A. NICHOLSON,

                              Petitioner,

        v.

SUPERINTENDENT, Cayuga Correctional Facility,

                              Respondent.
_____

<u>DECISION AND ORDER</u>

17-CV-6889DGL

        In November 2017, petitioner Christopher A. Nicholson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his August 13, 2009 conviction for course of sexual conduct against a child in the first degree following a jury trial held in the New York Supreme Court, Monroe County. (Dkt. #1).

        On August 16, 2021, Nicholson filed a motion to stay the proceedings pending a decision in a state court action, which this Court granted on August 23, 2021. (Dkt. #31; Dkt. #32). Two years have passed and the Court has not heard from Nicholson.

        On July 10, 2023, this Court entered a text order stating as much and ordered the parties to submit a status update by letter, by August 9, 2023. (Dkt. #34). The Court additionally noted that according to the New York State Department of Corrections and Community Supervision Incarcerated Lookup, Nicholson was released from custody on September 4, 2022. This Court's Local Rules require – at risk of dismissal with prejudice – *pro se* litigants to immediately inform the Court of any change of address. (*Id.*). The Court mailed sent a copy of the text order to

Nicholson at his last known address – Cayuga Correctional Facility. On July 21, 2023, the text order was returned to the Court as undeliverable. (Dkt. #35).

On August 18, 2023, this Court issued an order to show cause as to why the action should not be dismissed for failure to prosecute. Nicholson was warned that failure to respond would result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. #36). Again, the mailing was returned undeliverable as to Nicholson. (Dkt. #37).

Rule 41(b) of the Federal Rules of Civil Procedure provides in part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *See also Anderson v. Annucci*, 2020 WL 1082393, at *2 (S.D.N.Y. Mar. 6, 2020) ("The rule authorizes dismissal *sua sponte* or on motion of the opposing party." (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001))). In addition, Rule 41(b) of the Local Rules of Civil Procedure for the Western District of New York provides that in a civil case in which no action has been taken by the parties in six months, "the Court may issue a written order to the parties to show cause within thirty (30) days why the action should not be dismissed for failure to . . . prosecute." If the parties fail to respond to the order, the court may dismiss the action for failure to prosecute.

The Second Circuit has directed district courts to consider five factors, none of which is dispositive, in deciding whether to dismiss an action for failure to prosecute: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of

lesser sanctions. *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Those factors weigh in favor of dismissal here. Although the case was stayed to allow Nicholson to pursue his state court remedies, he has failed to contact this Court or prosecute this case for two years. Nicholson has been released from custody and his interest in this case has obviously evaporated. Additionally, the Court has been effectively prevented from warning him that this action is subject to dismissal because of his own failure to keep the Court apprised of his address. Because the Court has been unable to locate plaintiff, no lesser sanction would be effective as plaintiff would be unaware that any such sanction had been imposed. Under these circumstances, I see no reason to require the Court to continue to expend any further time or effort in this case. *See also Ikpemgbe v. New York*, 2021 WL 4198409, at *2 (S.D.N.Y. Sept. 15, 2021) ("[A] *pro se* prisoner's failure to provide the court with a new mailing address after his release from custody has regularly been held to be an adequate ground for a Rule 41(b) dismissal.").

## CONCLUSION

For the foregoing reasons, this action is dismissed with prejudice to failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 15, 2023.

3